**Skye TAYLOR, Plaintiff–Appellant,**

v.

**VOLKSWAGEN OF AMERICA, INC.; et al., Defendants–Appellees.**

No. 09–35343.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2010.*

Filed April 1, 2010.

Skye Taylor, San Diego, CA, pro se.

Michelle C. Ferrara, Jeri Rouse Looney, Locke Lord Bissell & Lidell LLP, Los Angeles, CA, James Hermsen, Dorsey & Whitney, LLP, Mark S. Northcraft, Esquire, Northcraft Bigby & Biggs, PC, Alfred Donohue, Gary Allan Western, Wilson Smith Cochran Dickerson, Seattle, WA, Frank Joseph Chmelik, Chmelik Sitkin & Davis P.S., Bellingham, WA, Mark Dietzler, Esquire, Vandeberg Johnson & Gandara, Tacoma, WA, G. Saxon Rodgers, Esquire, Ditlevson Rodgers Dixon, Olympia, WA, for Defendant–Appellee.

---

* The panel unanimously concludes this case is suitable without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Skye Taylor appeals pro se from the district court's summary judgment in his antitrust action alleging defendants violated the Sherman Anti–Trust Act, 15 U.S.C. § 1. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment to defendants because Taylor failed to raise a triable issue as to whether defendants' geographic sales-limit policy imposes "an unreasonable restraint on competition." *Business Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 723, 735–36, 108 S.Ct. 1515, 99 L.Ed.2d 808 (1988) ("[A] vertical restraint is not illegal *per se* unless it includes some agreement on price or price levels."); *JBL Enters., Inc. v. Jhirmack Enters., Inc.*, 698 F.2d 1011, 1017 (9th Cir.1983) (explaining that market shares of a few percentage points "are too small for any restraint on intrabrand competition to have a substantially adverse effect on interbrand competition").

Taylor's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).